The Honorable Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIP THE SCALE, LLC,<br>DBA LD KITCHEN AND BATH,<br><br>Defendant. | NO. 3:24-cr-05103-BHS<br><br>**PLEA AGREEMENT** |

The United States, through Assistant Attorney General Todd Kim, and Senior Trial Attorney Patrick M. Duggan of the U.S. Department of Justice Environmental Crimes Section, and Tip the Scale, LLC, and its attorney, Sanjay Bhandari, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

1. **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Information:

   a. Entry of Goods by Means of False Statements, as charged in Count 1, in violation of Title 18, United States Code, Section 542.

Plea Agreement - 1
United States v. TIP THE SCALE, LLC, 3:24-cr-05013

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M ST. NE,
WASHINGTON, DC 20002
(202) 305-0321

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, a designated representative for the Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statements.

2. **Elements of the Offense**. The elements of the offense to which Defendant is pleading guilty are as follows:

Entry of Goods by Means of False Statements:

a. First, that the Defendant made, or procured the making of, a false statement in any declaration without reasonable cause to believe the truth of such statement;

b. Second, that the false statement was material to the introduction of imported merchandise into the commerce of the United States;

c. Third, the Defendant introduced or attempted to introduce imported goods into interstate commerce.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

a. For the offense of Entry of Goods by Means of False Statements, in violation of Title 18, United States Code, Section 542: a maximum term of probation of up to 5 years, a fine of up to $500,000 or twice the gross gain or loss, and a mandatory special assessment of $400 dollars.

4. **The Sentence**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that an appropriate disposition of the case is as follows:

a. Criminal Fine: Pursuant to the Alternative Fines Act, 18 U.S.C. § 3571(d), the Defendant shall pay a criminal fine of $110,000.

b. Probation and Environmental/Customs Compliance Plan:

Plea Agreement - 2
United States v. TIP THE SCALE, LLC, 3:24-cr-05013

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M ST. NE,
WASHINGTON, DC 20002
(202) 305-0321

|   |   | i. | Pursuant to 18 U.S.C. § 3561(c)(1), the Defendant will be placed on probation for a term of three years, during which time it must comply with all local, state, and federal laws, as well as any standard conditions of probation. In addition, the Defendant will implement the Environmental and Customs Compliance Plan attached hereto as **Exhibit A**. |

        ii.    As a condition of probation, the Defendant will pay the administrative penalty in CBP Case Number 202430013000280, which totals $250,000, pursuant to 19 U.S.C. § 1592(c)(2). The penalty may be paid in accordance with the schedule set forth in paragraph 11.

    c.    <u>Special Assessment</u>: Pursuant to 18 U.S.C. § 3013(a)(2)(B), Defendant will pay a special assessment of $400 on or before the date of sentencing. The special assessment shall be paid by check or money order payable to Clerk, U.S. District Court. The check or money order should be provided to the Clerk of this Court, and include the case name and case number.

The parties anticipate requesting that the Court accept the plea and enter immediate sentence based on a joint motion. Defendant understands that the Court may reject this Plea Agreement, and should the Court do so, the parties will be relieved of their obligations under this Plea Agreement.

    5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a.    The right to be indicted by a Grand Jury;

    b.    The right to plead not guilty and to persist in a plea of not guilty;

    c.    The right to a speedy and public trial before a jury of Defendant's peers;

    d.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

Plea Agreement - 3
United States v. TIP THE SCALE, LLC, 3:24-cr-05013

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M ST. NE,
WASHINGTON, DC 20002
(202) 305-0321

e.  The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

f.  The right to confront and cross-examine witnesses against Defendant at trial;

g.  The right to compel or subpoena witnesses to appear on Defendant's behalf at trial; and

h.  The right to appeal a finding of guilt or any pretrial rulings.

6.  **Ultimate Sentence**.  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7.  **Statement of Facts**. Defendant admits it is guilty of the charged offenses. The parties agree on the following facts:

a.  At all times relevant, Defendant was engaged in the importation of finished kitchen cabinets made from wood.

b.  Prior to November 2019, Defendant purchased and imported wood kitchen cabinets from various manufacturers in China, including Taishan Dongxing Trade Co. (Dongxing) and Taishan Jiahong Trade Co. (Jiahong), both of which are in Taishan City, Guangdong Province, China. Invoices and bills of lading for both companies all begin with the identifier "XYTSEA," and supply-side logistics were handled by XYT Logistics in Guangdong Province, China. The Defendant's primary contact within both Dongxing and Jiahong was a "Mr. Liu."

c.  In October 2019, the United States implemented a 251% percent Anti-Dumping Duty (ADD) on imports of wood cabinets from China exported by Dongxing and a 28.71% ADD on imports of wood cabinets from China exported by Jiahong.

d.  On November 22, 2019, a shipment of wood cabinets from Taishan Dongxing Trade Co., which was intended for the Defendant, arrived at the Port of Tacoma. The cabinets were declared as originating in China on customs paperwork. The

Plea Agreement - 4
United States v. TIP THE SCALE, LLC, 3:24-cr-05013

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M ST. NE,
WASHINGTON, DC  20002
(202) 305-0321

U.S. Department of Agriculture (USDA) form PPQ-505, also known as a "Lacey Act Declaration," declared that the species of wood contained in the cabinets was "*Zelkova Scheiana Hanf*" and "*Eucalyptus robusta Smith*" harvested in China (*Zelkova Scheiana Hanf* is not a species, though *Zelkova schneideriana* is a species of tree native to temperate China). The bill of lading number was XYTSE19100513, and supply-side logistics were arranged by XYT Logistics. The shipment would have been subject to a 251% ADD. Defendant declined to import the shipment, and the products were re-routed to Port Klang, Malaysia.

   e. In December 2019, Mr. Liu notified the Defendant that he could satisfy its order from a Malaysian factory called "JKA," which would not be subject to the 251% ADD. The Defendant then ordered cabinets from JKA.

   f. On January 27, 2020, the Defendant received a shipment of cabinets from JKA, which was imported through the Port of Tacoma. Supplier documentation for the shipment was provided to the Defendant by XYT Logistics. The bill of lading and commercial invoice were identical to prior shipments from Dongxing and Jiahong, though these documents contained JKA's logo. The format, part numbers, and various distinctive terms were identical. The Lacey Act Declaration stated that the cabinets were made from "*Zelkova Scheiana Hanf*" and "*Eucalyptus robusta Smith*" harvested in China. The Defendant declared that the shipment originated in Malaysia, therefore the shipment was not subject to ADD. The Defendant did not conduct appropriate due diligence or independent research regarding the documents provided by their supplier.

   g. On February 16, 2020, the Defendant received another shipment of cabinets from JKA at the Port of Tacoma. The supplier coordination and documentation were identical to the prior shipment with one exception. The Lacey Act Declaration for the February 16, 2020, shipment stated that the cabinets were made from "*Zelkova Scheiana Hanf*" and "*Eucalyptus robusta Smith*" harvested in Malaysia. The Defendant declared that the shipment originated in Malaysia. The Defendant did not conduct

Plea Agreement - 5
United States v. TIP THE SCALE, LLC, 3:24-cr-05013

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M ST. NE,
WASHINGTON, DC 20002
(202) 305-0321

1 appropriate due diligence or independent research regarding the documents provided by
2 their supplier.

3       h.    Three additional shipments from JKA, all of which followed the
4 same pattern as the February 16, 2020, shipment, were imported by the Defendant
5 through the Port of Seattle: two on March 15, 2020, and one on April 20, 2020.

6       i.    On April 30, 2020, a shipment from JKA arrived at the Port of
7 Tacoma. United States Customs and Border Protection (CBP) officers conducted a
8 standard inspection of the cargo and noticed that the boxes of cabinets were not properly
9 labeled. Some boxes had a "made in China" stamp, but on the majority of the boxes, the
10 area that would have had a "made in China" stamp was cut out and removed. The
11 documents provided to CBP were the same as the prior four shipments, declaring that the
12 cabinets originated in Malaysia. The Lacey Act Declaration stated that the cabinets were
13 made from "*Zelkova Scheiana Hanf*" and "*Eucalyptus robusta Smith*" harvested in
14 Malaysia. Samples of these cabinets were sent to the U.S. Fish and Wildlife Service's
15 National Forensics Laboratory (FWSFL) for species identification.

16       j.    On September 17, 2020, the FWSFL provided results of forensic
17 testing conducted on the samples. No samples were found to be of the genus *Zelkova*. Of
18 the ten samples, seven were found to be made from *Betula* (birch) wood, and two were
19 found to be made from *Populus* (poplar) wood. Neither *Betula* nor *Populus* are typically
20 grown for production in Malaysia, but both are grown for production in the temperate
21 areas of China and Northern Asia.

22       k.    Based on the facts and circumstances outlined above, the Defendant
23 did not have reasonable cause to believe the truth of the declarations made upon import:
24 namely, that the species of timber used included *Zelkova* species; that the timber was
25 harvested in Malaysia, and; that the products were manufactured in Malaysia.

26     8.    **Abandonment of Contraband.** Defendant also agrees that, if any federal
27 law enforcement agency seized any illegal contraband that was in Defendant's direct or

Plea Agreement - 6
United States v. TIP THE SCALE, LLC, 3:24-cr-05013

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M ST. NE,
WASHINGTON, DC 20002
(202) 305-0321

indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

9. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the Government (the term "Government" here includes the Environmental Crimes Section of the United States Department of Justice, U.S. Customs and Border Protection, and the United States Attorney's Office for the Western District of Washington) agrees not to prosecute or pursue Defendant (or its individual agents and/or employees) for any additional claims or offenses known to it as of the acceptance of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the Government has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement.

10. **Breach, Waiver, and Post-Plea Conduct.** This Agreement is effective when signed by the Defendant, the Defendant's attorney, and an attorney for the Government. Defendant agrees that, if Defendant breaches this Plea Agreement, the Government may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the Government has evidence. Any alleged breach of this Plea Agreement shall be determined by the Court in an appropriate proceeding at which the moving party shall be required to establish a breach of the Plea Agreement by a preponderance of the evidence. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

Plea Agreement - 7
United States v. TIP THE SCALE, LLC, 3:24-cr-05013

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M ST. NE,
WASHINGTON, DC 20002
(202) 305-0321

pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculation in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

11. **Payment of Fine and Penalty.** The parties agree that, pursuant to 34 U.S.C. § 20101(b), 16 U.S.C. §§ 742$l$(c)(3) and 3375(d), the criminal fine set forth in section 4a of this agreement shall be directed to the Lacey Act Reward Fund for use by the Secretaries of the Interior and Commerce. The parties further agree that the fine and penalty set forth in sections 4a and 4b of this agreement may be paid pursuant to a schedule throughout the duration of probation. The payments shall not be less than as follows:

    a.    For the first 12 months after sentencing, $5,000 per month.

    b.    For the second 12 months after sentencing, $10,000 per month.

    c.    For the final 12 months, $15,000 per month.

The Defendant may, at any time, pay more than the scheduled amount, but not less, until the total fine and penalty amount ($360,000) is paid in full. The first $110,000 paid shall go to the criminal fine in section 4a (*i.e.*, to the Lacey Act Reward Fund), and the final $250,000 shall satisfy the administrative customs penalty as a condition of probation. The Clerk of the Court may direct Lacey Act Reward Fund payments to the following address: Lacey Act Reward Fund, USFWS, Cost Accounting Section, P.O. Box 272065, Denver, CO 80227-9060, with the note "US v. Tip the Scale LLC." CBP payments shall

Plea Agreement - 8
United States v. TIP THE SCALE, LLC, 3:24-cr-05013

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M ST. NE,
WASHINGTON, DC  20002
(202) 305-0321

be directed to the Department of Treasury Agency Location Code 70050092 noting CBP Case Number 2024300130002801-Tip the Scale LLC.

12. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a sentence that is within or below the Sentencing Guidelines range as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

   a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

   b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any conduct.

13. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

14. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea

Plea Agreement - 9
United States v. TIP THE SCALE, LLC, 3:24-cr-05013

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M ST. NE,
WASHINGTON, DC 20002
(202) 305-0321

Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the Environmental Crimes Section.

15. **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the Government. The Plea Agreement's fines, penalties and other consequences represent a full and complete settlement of any and all claims, demands and obligations that the Government might assert, including CPB (or DOJ on behalf of CBP) pursuant to 19 U.S.C. §§ 1592 and 1595a and any other provision of law under Title 19 of the United States Code or other customs laws, arising from or relating to the statement of facts herein. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 13 day of June, 2024.

Todd Kim
Assistant Attorney General
Environment & Natural Resources Div.
U.S. Department of Justice

Patrick M. Duggan
Senior Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

Tip the Scale, LLC,
dba LD Kitchen and Bath
Defendant

Sanjay Bhandari
Buchalter, P.C.
Attorney for Defendant

Plea Agreement - 10
United States v. TIP THE SCALE, LLC, 3:24-cr-05013

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M ST. NE,
WASHINGTON, DC 20002
(202) 305-0321